**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

v.                                                          **Case No. 24-CR-202 (LLA)**

**JOSEPH RUBEN BAER,**

**Defendant.**

**FILED**

JUN 2 4 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**STATEMENT OF OFFENSE IN SUPPORT OF**
**DEFENDANT JOSEPH RUBEN BAER'S PLEA OF GUILTY**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in Support of Defendant Joseph Ruben Baer's Plea of Guilty to Count One of the Information charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).

**I.      The Penalties**

A violation of 18 U.S.C. § 2252(a)(4)(B) carries a maximum sentence of 20 years' imprisonment, pursuant to 18 U.S.C. § 2252(b)(2), a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or both; a term of supervised release of not less than five years up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A and 18 U.S.C. § 2259; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**II.     The Elements of the Offense**

To prove that the defendant is guilty of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), the government must prove beyond a reasonable doubt that:

(1) The defendant knowingly possessed one or more matters containing a visual depiction;

(2) The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(3) The visual depiction was of a minor engaging in sexually explicit conduct;

(4) The defendant knew the visual depiction involved a minor engaging in sexually explicit conduct;

(5) The visual depictions had been transported using any means or facility of interstate commerce or in and affecting interstate commerce; and

(6) Any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

### III.    Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said or did.

In early February 2024, a member of the Federal Bureau of Investigation Washington Field Office and Metropolitan Police Department's Child Exploitation and Human Trafficking Task Force was working in an undercover capacity from an office located in the District of Columbia. In that capacity, the undercover agent was monitoring a mobile dating application for child exploitation activity. The undercover maintained a profile on the application, the biography of which stated: "No Limits Dad looking for Tabu fun." "No Limits" and Tabu" (a misspelling of "taboo") are terms used by those with illicit sexual proclivities, including incest, the sexual exploitation of children, and child pornography. An individual later identified as the defendant, Joseph Ruben Baer, contacted the undercover agent, and the conversation moved off the dating platform and onto an encrypted messaging application. During the conversation on the encrypted

messaging application, the defendant indicated to the undercover that he had an interest in, and had viewed, child pornography.

The undercover and the defendant engaged in intermittent conversation on the encrypted messaging application in the weeks that followed. On April 18, 2024, the defendant sent the undercover agent two videos that depicted the defendant laying on a bed and masturbating to child pornography while that was playing on an Apple MacBook Pro laptop. One of the child pornography videos depicts two completely nude boys, one appearing to be pubescent and the other prepubescent, in a bathroom. The prepubescent boy is on his knees, masturbating the pubescent boy's penis with his hand. The other child pornography video depicts an adult male anally penetrating a completely nude prepubescent boy. On April 24, 2024, a magistrate judge of the United States District Court of the District of Columbia issued an arrest warrant on a charge of distribution of child pornography.

On May 10, 2024, the defendant traveled into the District of Columbia from his residence in Montgomery County, Maryland. Law enforcement arrested the defendant outside of a concert venue in Northeast Washington, D.C., and seized the defendant's Apple iPhone 13 Pro Max cellphone incident to his arrest. The defendant later consented to a search of his cellphone. The FBI recovered the following seven videos, all of which contain child pornography, from the defendant's iPhone:

1. A 49-second video depicting an infant being anally penetrated by an adult male's finger and erect penis.

2. A 48-second video depicting a completely nude prepubescent boy being anally penetrated by an adult male's erect penis.

3. A 34-second video depicting an adult male masturbating while watching child pornography on a laptop. The child pornography playing on the laptop depicts an infant being anally penetrated by an adult male's erect penis.

4. A 31-second video depicting a minor boy being anally penetrated by an adult male's erect penis.

5. A 20-second video depicting two adult males masturbating while displaying child pornography on a laptop. The child pornography playing on the laptop depicts an infant being anally penetrated by an adult male's erect penis.

6. A 9-second video depicting two completely nude minor boys, one appearing to be pubescent and the other prepubescent, in a bathroom. The prepubescent boy is on his knees, masturbating the pubescent boy's penis with his hand.

7. An 8-second video depicting a prepubescent boy performing oral sex on an adult male's erect penis.

Portions of two of the videos (i.e., the 48-second and 9-second videos) were playing on the defendant's laptop computer in the videos that the defendant distributed to the undercover agent on April 18, 2024, as described above.

Also on May 10, 2024, the FBI executed search warrants at two residences in Montgomery County, Maryland, that were associated with the defendant. The FBI seized three Apple MacBook Pro laptop computers, bearing serial numbers C02X218AJHD2, G4LR4WP99C, and FVFG6UEVQ05D.

The defendant waived his *Miranda* rights and participated in a custodial interview with the FBI. The defendant admitted that the Apple iPhone 13 Pro Max cellphone and three Apple

MacBook Pro laptops, as described above, belong to him, and he admitted to having sought out child pornography online.

The defendant acknowledges that he has used all the above-described electronic devices variously to transport, receive, distribute, possess, and/or access with the intent to view, child pornography.

Respectfully submitted,

Paul V. Courtney
Assistant United States Attorney

**DEFENDANT'S ACCEPTANCE**

I, Joseph Ruben Baer, have read every page of this factual proffer and have discussed it with my attorney, Maria N. Jacob, Esq. I agree to it and acknowledge that everything in this statement is true and correct. I do this voluntarily and of my own free will.

Date: 6-24-24

Joseph Ruben Baer
Defendant

**ATTORNEY'S ACKNOWLEDGEMENT**

I, Maria N. Jacob, Esq., have read every page of this factual proffer, reviewed and discussed it with my client, Joseph Ruben Baer, and have no reason to disagree with my client's desire to plead guilty as set forth in the plea agreement and proffer.

Date: 6-24-24

Maria N. Jacob, Esq.
Attorney for Defendant

Page **5** of **5**